IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**BENJAMIN ACOSTA NEVAREZ,**

    **Plaintiff,**

v.                                                                                                                   No. 16-cv-1323 MV/SMV

**ROBERT M. SPEER,**
**Acting Secretary of the Army,** [1]

    **Defendant.**

### ORDER EXTENDING SHOW-CAUSE RESPONSE DEADLINE
### AND DENYING MOTION FOR APPOINTMENT OF COUNSEL

THIS MATTER is before the Court on its Order to Show Cause [Doc. 7] issued on May 5, 2017, and on Plaintiff's Motion for Appointment of Counsel [Doc. 8], filed on May 17, 2017. The Court will extend Plaintiff's deadline to show cause to June 9, 2017, and deny his Motion for Appointment of Counsel.

Plaintiff filed his Complaint with this Court on December 5, 2016. [Doc. 1]. Plaintiff had 90 days from filing the Complaint, or until March 6, 2017, to serve the Defendant with process. Fed. R. Civ. P. 4(m) (2015). That date has passed, and there is nothing on the record showing that Plaintiff has served Defendant. Accordingly, on May 5, 2017, the Court ordered Plaintiff to show cause (no later than May 26, 2017), why his claims should not be dismissed without prejudice for failure to timely serve Defendant. [Doc. 7] (citing Fed. R. Civ. P. 4(m); *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995)).

---

[1] Robert M. Speer is now the Acting Secretary of the Army. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Robert M. Speer should be substituted for Secretary Eric K. Fanning as the defendant in this suit.

In response to the Order to Show Cause, Plaintiff explained that he did not understand how he had failed to comply with Rule 4 and asked the Court to appoint him an attorney. [Doc. 8]. Plaintiff stated that he "filed [his] complaint to the Secretary of the Army by mail and by fax in accordance to the instructions from the Local Rules of Civil Procedures." *Id.* at 1 (errors in original). It is unclear whether Plaintiff means to say that he filed his complaint in this Court by mail and by fax, or whether he means to say that he did serve Defendant by mail and by fax.

It appears that the Clerk's Office provided Plaintiff a copy of the Guide for Pro Se Litigants on December 5, 2016, when he filed his complaint. (If Plaintiff does not have a copy, he may obtain one from the Clerk's Office or from the Court's website at http://www.nmd.uscourts.gov/representing-yourself-pro-se.) Plaintiff should refer to the section entitled "Serving the Summons and Complaint." **Plaintiff must follow the instructions in this section—and in Federal Rule of Civil Procedure 4—meticulously.** He must arrange for the summons and complaint to be served on Defendant, and he must file the appropriate paper on the record showing that Defendant has been served. Plaintiff must also respond to the Order to Show Cause, and the deadline to do so will be extended to **June 9, 2017**.

The Court will deny Plaintiff's motion for appointment of counsel. There is no constitutional right to counsel in a civil case. *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006). In fact, United States District Courts lack the authority to appoint counsel to represent civil litigants. *See Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989); *Rachel v. Troutt*, 820 F.3d 390, 396–97 (10th Cir. 2016). In certain exceptional circumstances, a

court may *request* the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1) for a litigant who cannot afford to hire an attorney himself. *Rachel*, 820 F.3d at 396–37.

Here, however, Plaintiff is able to pay for an attorney. In denying his motion to proceed under § 1915 (the same statute that allows courts to request that an attorney volunteer to represent someone), the Court found that Plaintiff's monthly household income was $6,243, with monthly expenses of $3,999, and about $5,000 in savings. [Doc. 5] at 2. Based on the fact that Plaintiff is not proceeding under § 1915 in this case, and also based on this financial information, the Court finds that Plaintiff is able to afford counsel on his own. Thus, requesting that an attorney volunteer to represent him is not appropriate. Plaintiff's request for counsel will be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's deadline to show good cause why his claims should not be dismissed without prejudice for failure to comply with the service provision of Rule 4(m) is extended to **June 9, 2017**. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

**IT IS FURTHER ORDERED** that Plaintiff's request for appointment of counsel [Doc. 8] is **DENIED**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**