# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**BENJAMIN ACOSTA NEVAREZ,**

    **Plaintiff,**

**v.**                                                                    **No. 16-cv-1323 MV/SMV**

**ROBERT M. SPEER,**
**Acting Secretary of the Army,**[1]

    **Defendant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION TO DISMISS THIS ACTION WITHOUT PREJUDICE

THIS MATTER is before me on review of the record. Plaintiff filed his Complaint on December 5, 2016. [Doc. 1]. Plaintiff had 90 days from filing the Complaint, or until March 6, 2017, to serve the Defendant with process. Fed. R. Civ. P. 4(m) (2015). That date passed, and nothing on the record indicated that Plaintiff had served Defendant. Thus, I ordered Plaintiff to show cause why his claims should not be dismissed without prejudice for failure to timely serve Defendant. [Doc. 7] (citing Fed. R. Civ. P. 4(m); *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995)).

In response to the Order to Show Cause, Plaintiff explained that he did not understand how he had failed to comply with Rule 4 and asked the Court to appoint him an attorney. [Doc. 8]. I denied the request for appointment of counsel. [Doc. 9]. However, I explicitly directed Plaintiff to "arrange for the summons and complaint to be served on Defendant . . . and [to] file the appropriate paper on the record showing that Defendant has been served." [Doc. 9]

---

[1] Robert M. Speer is now the Acting Secretary of the Army. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Robert M. Speer should be substituted for Secretary Eric K. Fanning as the defendant in this suit.

at 2. Further, I cited Plaintiff to Fed. R. Civ. P. 4 and to the relevant portion of the Court's Guide for Pro Se Litigants. *Id.* I then gave Plaintiff until June 9, 2017, to serve Defendant or otherwise show cause why this action should not be dismissed without prejudice. *Id.*

Plaintiff timely responded on June 7, 2017. [Doc. 10]. Plaintiff provides three attachments, which he describes as:

> Item-1 is a copy of the invoice and the certified receipts which was mailed respectively to all three parties. Item-2 is a copy of the notice of appeal petition sent to Eric K[.] Fanning, Secretary of the Army[,] and Item-3 is a copy of a letter acknowledging receipt of the certified mail to U.S. Equal Employment Opportunity Commission in Washington[,] D.C.
> The listed items demonstrate the fact that the mail has been delivered respectively to all three parties in accordance to local rules of civil procedures.

[Doc. 10] at 1–2. The attachment labeled "Item-1" is a photocopy of three certified mail receipts. The receipts each reflect that something was mailed on November 12, 2016. Two of the receipts reflect that the recipient was at White Sands Missile Range, and the third recipient was in Washington, D.C. *Id.* at 3.

Nothing in Plaintiff's response suggests that he has served Defendant with the summons and complaint. Although the Item-1 documents show that Plaintiff mailed something to someone, they fail to show that he served the summons and complaint *in this case* on Defendant. This is so because the complaint in this case was filed on December 5, 2016—more than three weeks after the mailings were sent. It is simply not possible that mail sent on November 12, 2016, could include a summons for a lawsuit filed three weeks later. Even if Plaintiff had mailed the Complaint on November 12, 2016, and simply waited until December 5, 2016, to actually file it with the Court, Plaintiff could not have mailed the summons on November 12, 2016.

2

Similarly, Item-2 and Item-3 do nothing to suggest that Plaintiff has complied with the service provision of Rule 4. Nor does Plaintiff offer any explanation as to why he has failed to serve Defendant or why this action should not be dismissed without prejudice.

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that Plaintiff's claims and this action be **DISMISSED without prejudice** for failure to comply with the service provision of Rule 4(m). *See Espinoza*, 52 F.3d at 841.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.** *See* **D.N.M.LR-Civ. 10.1. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**