**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**BENJAMIN ACOSTA NEVAREZ,**

    **Plaintiff,**

**v.**                                                                                                          **No. 16-cv-1323 MV/SMV**

**ROBERT M. SPEER,**
**Acting Secretary of the Army,[1]**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER
OF DISMISSAL WITHOUT PREJUDICE**

THIS MATTER is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 11], issued on June 9, 2017. The Honorable Stephan M. Vidmar, United States Magistrate Judge, recommended that this action be dismissed without prejudice because Plaintiff has failed to serve Defendant and further has failed to show cause why the action should not be dismissed. *Id.* The Court agrees with Judge Vidmar that Plaintiff has failed to serve Defendant, as required by Fed. R. Civ. P. 4. This action will be dismissed without prejudice.

Plaintiff filed his Complaint on December 5, 2016, claiming that Defendant, his employer, unlawfully retaliated against him when he refused to cheat his subordinates out of overtime pay. [Doc. 1] at 2. Plaintiff further alleged that his employer discriminated against him based on his Hispanic ethnicity, created a hostile work environment for him, and constructively discharged him. *Id.* at 3–4. Plaintiff had 90 days from filing the Complaint, or until March 6,

---

[1] Robert M. Speer is now the Acting Secretary of the Army. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Robert M. Speer should be substituted for Secretary Eric K. Fanning as the defendant in this suit.

2017, to serve the Defendant with process. Fed. R. Civ. P. 4(m) (2015). That date passed, and nothing on the record indicated that Plaintiff had served Defendant. Thus, Judge Vidmar ordered Plaintiff to show cause why his claims should not be dismissed without prejudice for failure to timely serve Defendant. [Doc. 7] (citing Fed. R. Civ. P. 4(m); *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995)).

In response to the Order to Show Cause, Plaintiff explained that he did not understand how he had failed to comply with Rule 4 and asked the Court to appoint him an attorney. [Doc. 8]. Judge Vidmar denied the request for appointment of counsel. [Doc. 9]. However, Judge Vidmar did explicitly direct Plaintiff to "arrange for the summons and complaint to be served on Defendant . . . and [to] file the appropriate paper on the record showing that Defendant has been served." [Doc. 9] at 2. Further, Judge Vidmar cited Plaintiff to Fed. R. Civ. P. 4 and to the relevant portion of the Court's Guide for Pro Se Litigants. *Id.* He then gave Plaintiff until June 9, 2017, to serve Defendant or otherwise show cause why this action should not be dismissed without prejudice. *Id.*

Plaintiff timely responded on June 7, 2017. [Doc. 10]. Plaintiff provided three attachments, which he described as:

> Item-1 is a copy of the invoice and the certified receipts which was mailed respectively to all three parties. Item-2 is a copy of the notice of appeal petition sent to Eric K[.] Fanning, Secretary of the Army[,] and Item-3 is a copy of a letter acknowledging receipt of the certified mail to U.S. Equal Employment Opportunity Commission in Washington[,] D.C.
> The listed items demonstrate the fact that the mail has been delivered respectively to all three parties in accordance to local rules of civil procedures.

2

[Doc. 10] at 1–2. The attachment labeled "Item-1" was a photocopy of three certified mail receipts. The receipts each reflected that something was mailed on November 12, 2016. Two of the receipts reflected that the recipient was at White Sands Missile Range, and the third recipient was in Washington, D.C. *Id.* at 3.

Judge Vidmar found that nothing in Plaintiff's response suggested that he had served Defendant with the summons and complaint. [Doc. 11] at 2–3. Judge Vidmar explained that, although the Item-1 documents showed that Plaintiff mailed something to someone, they failed to show that he served the summons and complaint *in this case* on Defendant. *Id.* This was so because the complaint in this case was filed on December 5, 2016—more than three weeks after the mailings were sent. Judge Vidmar found that it was simply not possible that mail sent on November 12, 2016, could have included a summons for a lawsuit filed three weeks later. Even if Plaintiff had mailed the Complaint on November 12, 2016, and simply waited until December 5, 2016, to actually file it with the Court, Judge Vidmar found that Plaintiff could not have mailed the summons on November 12, 2016. Additionally, Judge Vidmar found that Item-2 and Item-3 did nothing to suggest that Plaintiff had complied with the service provision of Rule 4. Nor had Plaintiff offered any explanation as to why he had failed to serve Defendant or why this action should not be dismissed without prejudice. *Id.* Accordingly, Judge Vidmar recommended that his action be dismissed without prejudice for lack of service. *Id.*

Plaintiff timely objected on June 12, 2017. [Doc. 12]. He argues that he "did file and mail the complaint to the three agencies[.]" *Id.* at 2. To the extent that he is asserting that he has served Defendant with the summons and complaint from this case, the Court is not persuaded.

3

None of the materials filed in this case suggest that Plaintiff has served Defendant with the summons and complaint in this case.

Plaintiff also seems to argue that he believed the Clerk's Office would serve the summons and complaint for him in exchange for the filing fee that he paid. [Doc. 12] at 2. Plaintiff further argues that someone in the Clerk's Office told him that his documents were sufficient to show that "the agencies received my complaints." *Id.* He explains that he cannot find a lawyer who will take his case. *Id.* He feels that he should not "have to go to legal terms, forms, and procedures that only an attorney would know." *Id.* Finally, he urges that his claims are meritorious and that the Court should provide him "legal guidance." *Id.*

The Court is sympathetic to Plaintiff's frustration. The Court, however, is not permitted to act as Plaintiff's advocate. Importantly, even after Judge Vidmar explicitly instructed Plaintiff on how to serve Defendant in accordance with Rule 4, Plaintiff failed to do so. *See* [Docs. 9, 10]. Then, after Judge Vidmar recommended dismissing the action for lack of service, Plaintiff still has shown no effort to serve Defendant with the summons and complaint as required by Rule 4 and has thoroughly explained in the Court's Guide for Pro Se Litigants. *See* [Docs. 11, 12].

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that this action be **DISMISSED without prejudice** for failure to comply with the service provision of Rule 4(m). *See Espinoza*, 52 F.3d at 841.

**IT IS SO ORDERED.**

_____
**MARTHA VAZQUEZ**
**United States District Judge**